DOUGLAS W. DAL CIELO (SBN 157109)
GREGORY M. GENTILE (SBN 142424)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501
ddalcielo@rmkb.com
ggentile@rmkb.com

Attorneys for Plaintiff
NORMAN GILBERT

# UNITED STATES DISTRICT COURT

## CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | |
|---|---|
| NORMAN GILBERT,<br><br>              Plaintiff,<br><br>    v.<br><br>FASTSIGNS INTERNATIONAL, INC.<br>and DOES 1-20, inclusive,<br><br>              Defendants. | CASE NO.  3:08-CV-03043-VRW<br><br>**PLAINTIFF NORMAN GILBERT'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME OR SPECIALLY SET HIS HEARING AS TO PLAINTIFF'S OSC RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF GREGORY M. GENTILE; PROPOSED ORDER** |

Pursuant to Civil Local Rule 6.1 and Federal Rule of Procedure 65, Plaintiff NORMAN GILBERT ("GILBERT") hereby moves to shorten time and/or specially set for hearing Plaintiff's Order to Show Cause re preliminary injunction, a copy of the Orders are attached hereto as Exhibit A. Said motion is made and based on the need for immediate Court intervention to schedule this hearing should this Court deny a pending motion to remand presently set on shortened time on this Court's calendar for July 10, 2008 at 2:30 p.m. Should the Court deny the pending motion for remand and retain jurisdiction of this case, then the subject injunction hearing should be immediately scheduled on the next court calendar following the hearing of the motion to remand.

The Temporary Restraining Order that is in existence at the time of this submission was

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    issued by the San Mateo County Superior Court on June 11, 2008 and prior to Defendant

2    FASTSIGNS INTERNATIONAL INC.'s removal of this action.  It was to remain in existence

3    until the preliminary injunction hearing set by the Superior Court for July 11, 2008   However, on

4    June 20, 2008 Defendant removed this action to the Federal District Court, thus invoking the

5    Federal Rule of Civil Procedure 65 as to the injunction's termination.  To the extent that this

6    Court denies the motion to remand, the injunction hearing should proceed as soon as the Court is

7    able to properly hear the same, and no later than July 17, 2008.  Given the exigent circumstances

8    as set forth herein, it is respectfully requested that the Court shorten time or specially set for

9    hearing the OSC re Preliminary Injunction for July 17, 2008 at 2:30 p.m.

          This motion is made and based on the attached Memorandum of Points and Authorities

11   and the Declaration of Gregory M. Gentile and the attached pleadings and exhibits.

12   Dated:  July 1, 2008                        ROPERS, MAJESKI, KOHN & BENTLEY

13

14

15                                              By _____
                                                  DOUGLAS W. DAL CIELO
16                                                GREGORY M. GENTILE
                                                  Attorneys for Plaintiff
17                                                NORMAN GILBERT

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   DOUGLAS W. DAL CIELO (SBN 157109)
    GREGORY M. GENTILE (SBN 142424)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    50 West San Fernando Street, Suite 1400
3   San Jose, CA 95113
    Telephone:    (408) 287-6262
4   Facsimile:    (408) 918-4501
    ddalcielo@rmkb.com
5   ggentile@rmkb.com

6   Attorneys for Plaintiff
    NORMAN GILBERT

7

8                      UNITED STATES DISTRICT COURT

9            CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

10

11  NORMAN GILBERT,                      CASE NO.  3:08-CV-03043-VRW

12               Plaintiff,              **MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT OF
13       v.                              PLAINTIFF NORMAN GILBERT'S
                                         MOTION TO SHORTEN TIME OR
14  FASTSIGNS INTERNATIONAL, INC.        SPECIALLY SET HEARING OF HIS OSC
    and DOES 1-20, inclusive,            RE PRELIMINARY INJUNCTION**

15

16               Defendants.

17                         <u>**RELEVANT FACTS**</u>

18       Plaintiff NORMAN GILBERT ("GILBERT") filed an action in the San Mateo County

19  Superior Court in order to obtain an injunction against FASTSIGNS INTERNATIONAL, INC.,

20  the Defendant in this matter.  The Complaint seeks only injunctive and declaratory relief.  No

21  damages were sought since the dispute between the parties is governed by binding arbitration

22  pursuant to a franchise agreement.  (The purpose of the TRO was to preserve the status quo

23  pending binding arbitration).  On June 11, 2008, the Superior Court granted a TRO and set a

24  hearing on the preliminary injunction for July 11, 2008 9:00 a.m. in that Court pursuant to the

25  parties' agreement.  (Gentile Declaration, Exhibit A).[1]  At the time, the parties also agreed to a

26

27  ───────────────
    [1]   Although the Court inadvertently wrote a hearing date of June 11, 2008 on the Order, Plaintiff was
28        subsequently advised by the Court's representative, Kelly Blunden, that as far as Superior Court Judge Foiles
          was concerned, the hearing was calendared for July 11, 2008.

    RC1/5144141.1/BL1                        -1-                    Case No. 3:08-CV-03043-VRW

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  briefing schedule.  On June 20, 2008, Defendant removed the action to Federal District Court

2  claiming diversity jurisdiction.  Plaintiff has filed a motion to remand pursuant to 28 U.S.C.

3  §1447(c) contending that removal was improper in that the Complaint does not satisfy the

4  requisite jurisdictional amount.

5      On June 30, 2008, this Court issued an order shortening time for the hearing of that

6  motion for July 10, 2008.  GILBERT is optimistic that the Court will grant the motion to remand

7  and, to the extent that it does order remand, the action will be returned to the Superior Court for

8  further procedure, which would include the hearing of the pending OSC re Preliminary

9  Injunction.  However, in the event that the Court denies remand, then the injunction hearing must

10  proceed in this Court.  Accordingly, Plaintiff respectfully asks this Court to specially set the

11  hearing for July 17, 2008 to ensure that the existing TRO remains in effect until that hearing takes

12  place.  Defendant has stipulated that the hearing can take place on either July 10 or at the latest

13  July 17, 2008 **and that the existing TRO is to remain in effect until the hearing so long as the**

14  **hearing does not take place after July 17, 2008.**  (Gentile Declaration, Exhibit C).

15      Both Plaintiff's counsel and Defendant's counsel are available for a hearing on July 17,

16  2008 should the Court set this matter for hearing on that date.

17  ## LEGAL AUTHORITY

18      Civil Local Rule 7.1 provides as follows:

19      " . . . any written request to the court for an order must be presented
        by one of the following means:

20

21      (2)  A motion to enlarge or shorten time pursuant to Civil Local
        Rule 6.1.

22      Pursuant to Civil Local Rule 6.1, a court order is required for any enlargement or

23  shortening of time that alters any event or deadline already fixed by court order or that involves

24  papers required to be filed or lodged with the court (other than an initial response to the

25  complaint).  A request for a court order enlarging or shortening time may be made by written

26  stipulation pursuant to Civil Local Rule 6-2 or motion pursuant to Civil Local Rule 6.3.  Any

27  stipulated request or motion which affects a hearing or proceeding on the court's calendar must be

28  filed no later than 10 days before the scheduled event.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Further, Federal Rule of Civil Procedure 65, states, in relevant part:

> (1)    The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A)    Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B)    The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2)    Every temporary restraining order issued without notice must state the date and hour it was issued, describe the injury and state why it is irreparable; state why the order was issued without notice; and entered in the record.  The order expires at the time after entry — **not to exceed 10 days — that the court sets, unless before that time the court for good cause, extends it for a like period or the adverse party consents to a longer extension.  The reasons for the extension must be entered in the record.**
>
> (3)    **If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character.**  At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.  (Emphasis added).

With Defendant removing this matter to Federal District Court, the time period in which the temporary restraining order remains in effect has been implicated.  Pursuant to the Superior Court Order, the temporary restraining order was not to expire until the hearing on the order to show cause re preliminary injunction on July 11, 2008.  (Gentile Declaration, Exhibit A).

Defendant's removal on June 20, 2008 invoked a much shorter time period for the expiration of the temporary restraining order.  Based on the parties' understanding, the present temporary restraining order will expire July 1, 2008, unless extended by this Court, or the adverse party's consent.  Notably, Defendant has agreed to extend the temporary restraining order only if the Court will schedule the injunction hearing on or before July 17, 2008.  (Gentile Declaration Exhibit C).  Notably, Defendant has also agreed to not take any action inconsistent with the State Court temporary restraining order even after it expires without providing 72 business hours notice.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    Given Defendant's conditional consent to maintain the TRO until July 17, 2008, it is

2  imperative that this Court set the hearing no later than July 17, 2008 so that Plaintiff will not be

3  prejudiced.  (Attached as Exhibit B to the Declaration of Gregory M. Gentile is a true and correct

4  copy of Plaintiff's pleadings filed with the San Mateo County Superior Court in support of its

5  application for the temporary restraining order).  Moreover, as the Federal Rule states, injunction

6  hearings take precedence on the court's calendar.

7    Plaintiff is now facing the expiration of the restraining order 10 days earlier than that

8  restraining order would have expired had not Defendant removed this matter.  Defendant will not

9  agree to extend the TRO beyond July 17, 2008.  This will then force Defendant to seek Court

10  intervention in the form of a further TRO from this Court.

11    In its motion to shorten time for remand, Plaintiff sought a July 10 date for that motion,

12  but expressed the desire that the injunction hearing not be heard concurrently should the Court

13  deny remand.  Plaintiff did not wish to incur unnecessary attorney's fees and costs associated

14  with the second hearing, should the Court grant remand and send the case back to the Superior

15  Court.  Nor should the Court expend its time in preparation for that hearing if it will be rendered

16  moot.

17    Thus, as a pure matter of equity, practicality, and to avoid prejudice to Plaintiff, it is

18  respectfully requested this Court shorten time and/or specially set the time for the hearing of the

19  OSC re Preliminary Injunction.

20                              **CONCLUSION**

21    For the above stated reasons, it is respectfully requested that the Court grant this motion to

22  specially set the injunction hearing so that it may be heard on the Court's law and motion

23  calendar on July 17, 2008 as set forth in the attached proposed order.

24  Dated: July 1, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

25

26                              By

27                                  DOUGLAS W. DAL CIELO
                                   GREGORY M. GENTILE
28                                  Attorneys for Plaintiff
                                   NORMAN GILBERT

MEMO OF P&As IN SUPPORT OF MOTION TO SHORTEN TIME FOR
THE HEARING OF OSC RE PRELIMINARY INJUNCTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA  95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8              UNITED STATES DISTRICT COURT

9        CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

10

11  NORMAN GILBERT,                      CASE NO.  3:08-CV-03043-VRW

12              Plaintiff,
                                         **DECLARATION OF GREGORY M.
13      v.                               GENTILE IN SUPPORT OF PLAINTIFF
                                         NORMAN GILBERT'S MOTION TO
14  FASTSIGNS INTERNATIONAL, INC.        SHORTEN TIME AND/OR SPECIALLY SET
    and DOES 1-20, inclusive,            FOR HEARING PLAINTIFF'S OSC RE
15                                       PRELIMINARY INJUNCTION**
                Defendants.
16

17

18      I, Gregory M. Gentile, declare:

19      1.      I am one of the attorneys of record for Plaintiff and Moving Party NORMAN

20  GILBERT ("Plaintiff" or "GILBERT").  I am submitting this Declaration in support of

21  GILBERT's motion to shorten time and/or specially set the hearing of Plaintiff's OSC re

22  Preliminary Injunction, requesting that the Court set said hearing on its July 17, 2008 law and

23  motion calendar.  I have conferred with Defendant's counsel who has confirmed he is available

24  on this date.  Further, I have discussed the existing TRO with Defendant's counsel who has

25  agreed orally and in writing to extend the time for the existing TRO to remain in effect until July

26  17, 2008 on the condition the Court sets the hearing date on July 17, 2008.

27      2.      The following facts herein justify this Court setting this matter for July 17, 2008

28  time.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

3.     On June 11, 2008, GILBERT filed an action in the San Mateo County Superior Court in order to obtain an injunction against FASTSIGNS INTERNATIONAL, INC., the Defendant in this matter.

4.     On the same day, the San Mateo County Superior Court granted GILBERT's application for a temporary restraining order and set a hearing on an order to show cause re preliminary injunction for July 11, 2008, at 9:30 a.m., in that Court. (A true and correct copy of that Order and the existing temporary restraining order are set forth as Exhibit A). Pursuant to OSC re Preliminary Injunction, the Temporary Restraining Order issued by the Superior Court was not to expire until July 11, 2008 at which time the Court was to conduct a hearing.

5.     On June 20, 2008, Defendant removed this matter to Federal District Court claiming diversity jurisdiction.

6.     Plaintiff filed a motion for remand of that action pursuant to 28 U.S.C. §1447(c) on the grounds that the requisite jurisdictional damage amount was not satisfied. The dispute between the parties is governed by a binding arbitration provision in a franchise contract which requires the parties to arbitrate. GILBERT has timely demanded binding arbitration.

7.     This Court has ordered that time be shortened for the hearing of that motion to July 10, 2008 at 2:30 p.m.

8.     Plaintiff's request for shortening time was premised, *inter alia*, on the basis that the ruling on the motion to remand would effect whether this Court will hear the request for injunctive relief or the San Mateo Superior Court. To the extent this Court grants the motion to remand, the hearing on the preliminary injunction will be moot in Federal Court and will be necessarily heard by the San Mateo County Superior Court, once it is remanded. It would accordingly relieve this Court of the burden of hearing and deciding the issues presented by Plaintiff's request for injunction and also relieve GILBERT of having to prepare for the presentation of this motion in the Federal Court.

9.     I have spoken with counsel for FASTSIGNS, Jeffrey M. Hamerling of the law firm of DLA Piper, who has advised that he is available on July 17, 2008 for the injunction hearing, if one is scheduled on that date. Mr. Hamerling has agreed on behalf of Defendant, both orally on

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

DEC. IN SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING ON OSC RE PRELIM. INJUNCTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   June 30, 2008 and in writing on June 26, 2008 to extend the temporary restraining order to July

2   17, 2008 if the Court would hear the injunction hearing no later than that date.  (Attached hereto

3   as Exhibit C is a true and correct copy of Mr. Hamerling's letter to me dated June 26, 2008

4   reflecting his agreement to extend said deadline.  Further, Mr. Hamerling and I spoke on June 30,

5   2008 by telephone.  Mr. Hamerling confirmed that Defendant would agree to extend the time for

6   the TRO to remain in effect to no later than July 17, 2008, if the Court will schedule a hearing on

7   that date or sooner.

8        11.    Attached hereto as Exhibit B is a true and correct copy of Plaintiff's moving

9   papers presented to the San Mateo County Superior Court on June 11, 2008 as part of its

10  application for the temporary restraining order.

11       12.    Defendant opposed the Injunction hearing application but, upon the Court granting

12  the restraining order, agreed to a hearing date for July 11, 2008 and a briefing schedule.

13       13.    Other than the Court's order dated June 30, 2008 shortening time for the motion to

14  remand, there have been no other previous time modifications in this case either by stipulation or

15  Court Order.  Pursuant to the Court's present scheduling order there is a September 4, 2008

16  deadline to meet and confer regarding initial disclosures.  Any injunction hearing scheduled by

17  this Court, whether it be on July 17, 2008 or at the court's convenience will not affect this

18  scheduling deadline should this matter remain in federal court.

19       I declare under penalty of perjury that the foregoing is true and correct and, if called upon

20  as a witness, could competently testify thereto.  Executed this 1st day of July 2008, in San Jose,

21  California.

22

23                    GREGORY M. GENTILE

24

25

26

27

28

RC1/5144138.1/BL1                         -3-                    Case No. 3:08-CV-03043-VRW

**DEC. IN SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING ON OSC RE PRELIM. INJUNCTION**

**EXHIBIT A**

DOUGLAS W. DAL CIELO (SBN 157109)
GREGORY M. GENTILE (SBN 142424)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113
Telephone:　　(408) 287-6262
Facsimile:　　(408) 918-4501
ddalcielo@rmkb.com
ggentile@rmkb.com

Attorneys for Plaintiff
NORMAN GILBERT

ENDORSED FILED
SAN MATEO COUNTY

JUN 1 2 2008

Clerk of the Super...
By ___F. MORREAU___
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| NORMAN GILBERT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FASTSIGNS INTERNATIONAL INC.<br>and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | CASE NO.　CIV 473600<br><br>**NOTICE OF ENTRY OF TEMPORARY<br>RESTRAINING ORDER**<br><br>BY FAX |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

　　PLEASE TAKE NOTICE that on June 11, 2008, the Court entered a Temporary

Restraining Order in the form attached hereto.

Dated:　June 12, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By _____
　　DOUGLAS W. DAL CIELO
　　GREGORY M. GENTILE
　　Attorneys for Plaintiff
　　NORMAN GILBERT

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5135053.1/BL1

CIV 473600

NOTICE OF ENTRY OF TEMPORARY RESTRAINING ORDER

1   DOUGLAS W. DAL CIELO (SBN 157109)
    GREGORY M. GENTILE (SBN 142424)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    50 West San Fernando Street, Suite 1400
3   San Jose, CA 95113
    Telephone:    (408) 287-6262
4   Facsimile:    (408) 918-4501
    ddalcielo@rmkb.com
5   ggentile@rmkb.com

6   Attorneys for Plaintiff
    NORMAN GILBERT

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                          CASE NO.

12              Plaintiff,                    ~~[PROPOSED]~~
                                             TEMPORARY RESTRAINING ORDER
13       v.

14  FASTSIGNS INTERNATIONAL, INC.
    and DOES 1-20, inclusive,
15
                Defendants.
16
    proposed
17

18       Good cause appearing for this Court to issue a Temporary Restraining Order in favor of

19  Plaintiff NORMAN GILBERT and against Defendant, FASTSIGNS INTERNATIONAL, INC.

20       IT IS HEREBY ORDERED that pending the hearing of this matter on June  11  2008 or

21  as soon as the OSC may be heard by this Court, the above named Defendant, its agents, servants,

22  employees, and representatives and all persons acting in concert or participating with it, shall,

23  within twenty-four (24) hours of facsimile service of this Order:

24       1.      Restore in full the following e-mail and website communications of the company

25  known as Mid-Peninsula Marquee Inc.:

26       a.      The e-mail accounts: 395@fastsigns.com; norm.gilbert@fastsigns.com;

27  64201@fastsigns.com;

28       2.      Restore access to FSOL (FASTSIGNS Online) via a program called First Class

RC1/5133908.1/BL1                         - 1 -

(PROPOSED) TEMPORARY RESTRAINING ORDER

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Jose*

1  Client including full access to all discussion and support folders, as they existed prior to June 9,

2  2008;

3        3.      Restore access to support.fastsigns.com and all services contained therein,

4  including but not limited to Send A File, FASTMAIL, Web Proofs, Search, Archives, Logo

5  Library, Spam Filtering, On Demand Zone and Marketing Resources as they existed prior to

6  June 9, 2008;

7        4.      Restore public access to the full web site http://www.fastsign,com/395 (and

8  derivatives of that website and name) including pending updates in progress from the

9  FASTSIGNS designated contractor, Netsam, Inc.;

10        5.      Restore access to all other electronic communications systems, web sites landing

11  pages, on-line maps, advertising, search engines, optimizations, Pay Per Click programs, Find a

12  Center, e-commerce or other electronic services, without limitation as they previously existed

13  prior to June 9, 2008;

14        6.      Restore any and all other franchise services, such as technical support,

15  consultation, advice, marketing, training, conventions, meetings or other services of any nature

16  whatsoever, delivered by phone, fax, e-mail, postal mail, or in person which would normally be

17  provided by FASTSIGNS INTERNATIONAL, INC., or normally made available to franchisees in

18  good standing of the FASTSIGNS INTERNATIONAL, INC. system and which were provided to

19  FASTSIGNS of Redwood City prior to June 9, 2008.

20        IT IS FURTHER ORDERED that Defendant, its agents, servants, employees, and

21  representatives and all persons acting in concert or participating with it refrain from any further

22  actions that may be inimical to the franchise business commonly known as Mid-Peninsula

23  Marquee Inc., a California corporation, pending arbitration of this matter.

24        The Court retains jurisdiction to modify this Order as the ends of justice may require.

*This order shall expire on July 11, 2008 at 9:00 AM*

25  Dated: *June 11*, 2008

26

27                                              _____
                                                JUDGE OF THE SUPERIOR COURT

28

RC1/5133908.1/BL1                    - 2 -

**(PROPOSED) TEMPORARY RESTRAINING ORDER**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

<table>
<tr><td>1</td><td>DOUGLAS W. DAL CIELO (SBN 157109)<br>GREGORY M. GENTILE (SBN 142424)</td></tr>
</table>

1 DOUGLAS W. DAL CIELO (SBN 157109)
  GREGORY M. GENTILE (SBN 142424)
2 ROPERS, MAJESKI, KOHN & BENTLEY
  50 West San Fernando Street, Suite 1400
3 San Jose, CA 95113
  Telephone:    (408) 287-6262
4 Facsimile:    (408) 918-4501
  ddalcielo@rmkb.com
5 ggentile@rmkb.com

6 Attorneys for Plaintiff
  NORMAN GILBERT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO        BY FAX

10

11 NORMAN GILBERT,                        CASE NO.  CIV 473600

12            Plaintiff,                  NOTICE OF ENTRY OF ORDER TO SHOW
                                          CAUSE RE PRELIMINARY INJUNCTION
13     v.

14 FASTSIGNS INTERNATIONAL INC.
   and DOES 1-20, inclusive,
15
              Defendants.
16

17 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

18     PLEASE TAKE NOTICE that on June 11, 2008, the Court entered an Order to Show

19 Cause re Preliminary Injunction.

20 Dated:  June 12, 2008                   ROPERS, MAJESKI, KOHN & BENTLEY

21

22                                        By
23                                           DOUGLAS W. DAL CIELO
                                             GREGORY M. GENTILE
24                                           Attorneys for Plaintiff
                                             NORMAN GILBERT
25

26

27

28
   RC1/5135063.1/BL1                                              CIV 473600
          NOTICE OF ENTRY OF ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

ENDORSED FILED
SAN MATEO COUNTY

JUN 1 2 2008

Clerk of the Superior Court
By  F. MORNEAU
    DEPUTY CLERK

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA 95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                          CASE NO.

12              Plaintiff,
                                             (PROPOSED) ORDER TO SHOW CAUSE
13      v.                                   RE PRELIMINARY INJUNCTION

14  FASTSIGNS INTERNATIONAL INC. and
    DOES 1-20, inclusive,

15
                Defendants.
16

17      Good cause appearing,

18      IT IS ORDERED that the above named Defendant, appear in Department 21 of this

19  Court located at the Hall of Justice, 400 County Center, Redwood City, California, on June 11,

20  2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, then and there to show cause,

21  if any it has, why it, its agents, servants, employees, and representatives and all persons acting in

22  concert or participating with it, should not:

23      1.    Restore in full the following e-mail and website communications of the company

24  known as Mid-Peninsula Marquee Inc.:

25          a.    The e-mail accounts: 395@fastsigns.com; norm.gilbert@fastsigns.com;

26  64201@fastsigns.com;

27      2.    Restore access to FSOL (FASTSIGNS Online) via a program called First Class

28  Client including full access to all discussion and support folders, as they existed prior to June 9,

RC1/5133747.1/BL1                       - 1 -

(PROPOSED) ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    2008;

2        3.        Restore access to support.fastsigns.com and all services contained therein,

3    including but not limited to Send A File, FASTMAIL, Web Proofs, Search, Archives, Logo

4    Library, Spam Filtering, On Demand Zone and Marketing Resources as they existed prior to

5    June 9, 2008;

6        4.        Restore public access to the full web site http://www.fastsign,com/395 (and

7    derivatives of that website and name) including pending updates in progress from the

8    FASTSIGNS designated contractor, Netsam, Inc.;

9        5.        Restore access to all other electronic communications systems, web sites landing

10    pages, on-line maps, advertising, search engines, optimizations, Pay Per Click programs, Find a

11    Center, e-commerce or other electronic services, without limitation as they previously existed

12    prior to June 9, 2008;

13        6.        Restore any and all other franchise services, such as technical support,

14    consultation, advice, marketing, training, conventions, meetings or other services of any nature

15    whatsoever, delivered by phone, fax, e-mail, postal mail, or in person which would normally be

16    provided by FASTSIGNS INTERNATIONAL, INC., or normally made available to franchisees in

17    good standing of the FASTSIGNS INTERNATIONAL, INC., system and which were provided to

18    FASTSIGNS of Redwood City prior to June 9, 2008.

19        IT IS FURTHER ORDERED that the above-named Defendant, its agents, servants,

20    employees, and representatives and all persons acting in concert or participating with it, shall

21    refrain from any further actions that may be inimical to the franchise business commonly known

22    as Mid-Peninsula Marquee Inc., a California corporation, pending arbitration of this matter.

23        The Court hereby orders the following briefing schedule: ~~Any further papers in support of~~ Defendant's counsel agrees

24    to accept service of moving papers. ~~the OSC are to be served and filed by Plaintiff no later than seven (7) days before the date of the~~

25    ~~hearing set by this Court.   Service may be made by fax.~~  Any Opposition to Plaintiff's papers is to

26    be served and filed ~~within five (5) days of the date of the hearing~~ by July 2, 2008.  Service may be made by fax.

27    Any Reply shall be served and filed no later than ~~two (2) days before the date of the hearing.~~ July 8, 2008.

28    Service may be made by fax.

- 2 -

RC1/5133747.1/BL1

**(PROPOSED) ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    Service of this Order on Defendant is to be made no later than June 12, 2008 by facsimile

2    transmission.  Proof of Service of this Order is to be filed with the Court no later than June 16,

3    2008.  The Temporary Restraining Order is to remain in effect until ~~June 26, 2008~~ *July 11, 2008* unless

4    extended by the Court or the request of a party.  The Court retains jurisdiction to modify this

5    Order as the ends of justice may require.

6    Dated:  June 11 , 2008

7

8                                    JUDGE OF THE SUPERIOR COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5133747.1/BL1

**(PROPOSED) ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**EXHIBIT B**

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA  95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

   JUN 1 1 2008

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                    CASE NO.

12              Plaintiff,
                                       **EX PARTE APPLICATION AND**
13        v.                           **SUPPORTING DECLARATION OF**
                                       **NORMAN GILBERT IN SUPPORT OF**
14  FASTSIGNS INTERNATIONAL INC. and   **TEMPORARY RESTRAINING ORDER AND**
    DOES 1-20, inclusive,              **ORDER TO SHOW CAUSE RE**
15                                     **PRELIMINARY INJUNCTION;**
                Defendants.            **MEMORANDUM OF POINTS AND**
16                                     **AUTHORITIES; CERTIFICATION RE**
                                       **NOTICE**
17
                                       **Date:    June 11, 2008**
18                                     **Time:    2:00 p.m.**
                                       **Dept.:   Presiding Judge**
19

20

21        Plaintiff NORMAN GILBERT ("GILBERT" or "Plaintiff") hereby applies for a

22  Temporary Restraining Order and Order to Show Cause re Preliminary Injunction requiring

23  Defendant FASTSIGNS INTERNATIONAL, INC., ("FASTSIGNS" or "Defendant"), including

24  its employees, agents, servants and all those acting by and through it for an order to show cause

25  why a preliminary injunction should not be granted requiring Defendant to fully restore electronic

26  services to the franchise store known as Mid-Peninsula Marquee Inc. located in Redwood City,

27  California and to enjoin Defendant from committing and performing certain acts as described in

28  the attached Temporary Restraining Order and Order to Show Cause.  This application is made on

RC1/5133163.1/BL1                       - 1 -

**EX-PARTE APPLICATION RE TRO/PRELIMINARY INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   the grounds that irreparable injury has and will occur to GILBERT and the aforementioned

2   business herein before this matter can be heard on notice.

3         GILBERT has not previously applied for to any judicial officer for similar relief and is

4   concurrently filing a Complaint with this Court seeking injunctive and declaratory relief.

5         This application is based on the declaration of NORMAN GILBERT and the Declaration

6   of Gregory M. Gentile, and any other pleadings, documents and argument that may be provided at

7   the hearing of the motion.

8   Dated:  June 11, 2008           ROPERS, MAJESKI, KOHN & BENTLEY

9

10                     By _____

11                         DOUGLAS W. DAL CIELO
                            GREGORY M. GENTILE

12                         Attorneys for Plaintiff
                        NORMAN GILBERT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5133163.1/BL1

- 2 -

**EX-PARTE APPLICATION RE TRO/PRELIMINARY INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA  95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                    CASE NO.

12              Plaintiff,
                                       **MEMORANDUM OF POINTS AND**
13      v.                             **AUTHORITIES IN SUPPORT OF EX PARTE**
                                       **APPLICATION FOR TEMPORARY**
14  FASTSIGNS INTERNATIONAL INC.       **RESTRAINING ORDER AND ORDER TO**
    and DOES 1-20, inclusive,          **SHOW CAUSE RE PRELIMINARY**
15                                     **INJUNCTION**
              Defendants.
16                                     Date:      **June 11, 2008**
                                       Time:      **2:00 p.m.**
17                                     Dept.:     **Presiding Judge**

18

19      Plaintiff NORMAN GILBERT ("GILBERT") by and through his counsel of record

20  hereby submits this memorandum of points and authorities in support of its ex-parte application

21  for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.

22              I. <u>SUMMARY OF ARGUMENT</u>

23      This application arises from a dispute between Plaintiff GILBERT and Defendant

24  FASTSIGNS INTERNATIONAL INC.  The parties are required to arbitrate this dispute pursuant

25  to a Franchise Agreement dated November 12, 2001. (Gentile Declaration, Exhibit A).

26  GILBERT has timely demanded arbitration of the dispute pursuant to the Agreement.  However,

27  ///

28  ///

RC1/5133894.1/BL1                    - 1 -              Case No. 1-07-CV-083034

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRO/PRELIM. INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  that same Agreement permits a party to seek injunctive relief, in the event a need arises. The

2  need clearly arises here. FASTSIGNS has attempted to terminate the franchise because of the

3  dispute prior to even going to arbitration, which is required under the Franchise Agreement

4  between the parties. Despite GILBERT demanding arbitration of the dispute under the

5  Agreement and as required by the Agreement, on June 9, 2008 at approximately 2:00 p.m.

6  FASTSIGNS unilaterally eviscerated GILBERT's vital business' communications system

7  (including but not limited to e-mail, outgoing and incoming, and its web-site crippling GILBERT

8  from maintaining customer contacts, filling sale's orders and maintaining business continuity).

9  Such action is inimical to the requirement of arbitrating the dispute. GILBERT asks this Court to

10 order Defendant to restore these vital communication services and also order that Defendant take

11 no further action interfering with these services or other actions that may be inimical to his

12 business, pending the arbitration of the dispute. Clearly, the status quo should be preserved

13 pending the arbitration of the dispute under the agreement and the resolution of the dispute by a

14 binding arbitrator.

15      In short, GILBERT should be allowed to operate the franchise pending resolution of the

16 dispute by the arbitrator, and it would be inimical to GILBERT not to continue to operate the

17 franchise until the dispute is resolved.

18      Despite multiple requests to FASTSIGNS that the communications be restored and a

19 representation by FASTSIGNS personnel that limited communications would be, FASTSIGNS

20 has not complied and its actions are causing irreparable harm to GILBERT and his customer base.

21 GILBERT has a reputation in the community for excellent customer service and a fast response to

22 customers needs. E-mail and electronic communications is a vital function for any business today

23 and in light of being unable to receive or respond to e-mail and the disappearance of the website,

24 the business' daily sales are being injured as well as customer goodwill. Clearly, the

25 disappearance of the web-site cannot be discounted as having a devastating effect of business

26 since this loss will confuse customers and damage the prospects for continued viability and

27 reliability to meet their sign and graphic needs.

28      Moreover, as a result, GILBERT's three employees are now aware of the dispute and are

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  fearful of losing their jobs.  This fear only exacerbates an already tense situation and may well

2  cause these employees to lose faith in management and seek other employment, to the further

3  detriment to GILBERT.

4  　　As a consequence thereof, GILBERT has filed a Complaint in this Court for injunctive

5  and declaratory relief and seeks to invoke the Court's jurisdiction to impose injunctive relief

6  pursuant to Paragraph 24B of the Franchise Agreement.  The equities here favor GILBERT

7  whose interests are being irreparably injured and who stands to lose a great deal as opposed to a

8  large corporation that is not acting in good faith to preserve the status quo pending that

9  arbitration.

## II.  LEGAL ARGUMENT

**A.**　　**The Standard for Injunctive Relief.**

12  　　CCP §526 provides, in relevant part, as follows:

13  　　An injunction may be granted in the following cases:

14  (1)　When it appears by the complaint that plaintiff is entitled to
the relief demanded, and the relief, or any part thereof,
15  consists in restraining the commission or continuance of the
act complained of, either for a limited period or perpetually;

17  (2)　When it appears by the complaint or affidavits that the
commission or continuance of some act during the litigation
would produce waste, or great or irreparable injury, to a
18  party to the action . . .

19  (4)　When pecuniary compensation would not afford adequate
relief;

21  (5)　When it would be extremely difficult to ascertain the
amount of compensation which would afford adequate
relief . . ."

23  　　The general rule is that injunctions will not issue unless the legal remedy (usually

24  damages) is inadequate.  Injunctive relief may be granted based on a verified complaint showing

25  sufficient grounds for relief [CCP §527(a)(h)].  CCP §527(a) authorizes issuances of injunctions

26  before trial "if sufficient grounds exist therefore."  Notably, equity law considerations are of

27  paramount importance for injunctions.  (See *Thayer Plymouth Center, Inc. v. Chrysler Motors*

28  (1967) 255 Cal.App.2d 300, 307; *Pacific Design Sciences Corp. v. Superior Court (Maudlin)*

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRO/PRELIM. INJUNCTION**

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Jose*

1  (2004) 121 Cal.App.4th 1100, 1110).

2     Additionally, the consideration of "irreparable harm" is required.  This is often related to

3  the inadequate legal remedy requirement (i.e., the damages remedy is inadequate because some

4  immeasurable harm is threatened).  Notably, the Court should be looking for more than just a

5  mere dispute.  Relief is unlikely unless someone will be hurt badly in a way which cannot be later

6  repaired.  (*People ex rel. Gow v. Mitchell Brothers Santa Ana Theater* (1981) 118 Cal.App.3d

7  863, 870-871).  Further, the threat of harm **must be imminent** as opposed to a mere possibility of

8  harm some time in the future.  An injunction will not and should not be issued in a vacuum based

9  on prospective fears that may happen in the future.  It must be supported by actual evidence that

10 is realistic and that the party can be enjoined intends to engage in prohibited activity.  (*Korean*

11 *Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069).

12     In deciding whether or not to grant a preliminary injunction, courts must evaluate two

13 factors: (1) the likelihood that the applicant will prevail on the merits at trial; and, (2) the balance

14 of any interim harm to the applicant if the injunction is denied compared with the harm to the

15 responding party if the injunction is issued.  (See *Pleasant Hill Bayshore Disposal Inc v. Chip – It*

16 *Recycling Inc.* (2001 ) 91 CA 4th 678, 695- 696).  The latter factor involves such things as the

17 inadequacy of other remedies, the degree of irreparable harm and the necessity of preserving the

18 status quo.  (See *14859 Moorpark Homeowner's Assn. v. VRT* (1998) 63 CA 4th 1396, 1402).

19     Significantly, the concept of "balancing of the equities" is a crucial factor in the

20 determination for injunctive relief.  In determining the propriety of injunctive relief, the court

21 must, in its discretion, exercise it in favor of the party most likely to be injured . . . if denial of an

22 injunction would result in great harm to the plaintiff, and the defendant would suffer little harm if

23 it were granted, then it is an abuse of discretion to fail to grant the preliminary injunction.

24 However, the reverse is also true and the opposing party's rights are of equal importance.  (See

25 also *Pro-Family Advocates v. Gomez* (1996) 46 CA 4<sup>th</sup>1674, 1681).  Clearly, the court's

26 determination is guided by a "mix" of the potential merit and interim harm factors; the greater

27 plaintiff's showing on one, the less must be shown on the other to support an injunction.  Issues

28 of fairness and justice also enter the picture, which have significance to this matter later on down

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  the line. The facts herein clearly require that the Court assess the individual rights of the parties in

2  conjunction with their agreement and the unique facts of this case.

3  **B.**     **Injunctive Relief is Proper.**

4      It bears emphasis that GILBERT has timely demanded arbitration with FASTSIGNS

5  pursuant to the Franchise Agreement.

6      The Franchise Agreement states at paragraph 24 in relevant part, as follows:

7          A.    Arbitration.  Franchisor and Franchisee agree that, subject to
           Paragraph B below, any claim, controversy or dispute between
8          Franchisor . . . and Franchisee . . . arising out of or relating to:
           (1) Franchisee's operation of the Center under this Agreement;
9          (2) this Agreement or any other agreement between Franchisee and
           Franchisor; (3) the relationship created by this Agreement; (4) the
10         validity of this Agreement or any other agreement between
           Franchisee and Franchisor; or (5) any System standard relating to
11         the establishment of operation of the Center, will be submitted for
           binding arbitration before one arbitrator in accordance with the
12         then-current commercial arbitration rules of the American
           Arbitration Association.  (Gentile Declaration, Exhibit A, p. 34-35).
13
      Moreover, Section 24B states as follows:
14

15         B.    Injunctive Relief.  Notwithstanding any provision contained
           in Paragraph A above, either party may institute in a court of
16         competent jurisdiction an action or actions for temporary or
           preliminary injunctive relief; provided, however, that such party
17         must contemporaneously submit the dispute for arbitration on the
           merits as provided in Paragraph A above.

18      Given the above language, and requirement that any dispute be submitted to arbitration,

19  Defendant's unilateral termination of GILBERT's communications system prior to the parties

20  proceeding to binding arbitration is nothing short of punitive.  GILBERT asks the Court to

21  preserve the status quo (as it existed prior to June 9, 2008) pending that arbitration and restore all

22  necessary and vital communications services so that GILBERT can maintain his business.

23  Injunctive relief would facilitate this and insure that GILBERT's rights are protected pending that

24  arbitration.  It is GILBERT's position that he will prevail at arbitration since GILBERT contends

25  the arbitral dispute is conjured in bad faith by the Defendant and is punitive.

26      GILBERT wishes to continue operating the franchise pending resolution of the dispute by

27  the arbitrator.  It would be inimical to GILBERT if he were not allowed to operate the franchise

28  until the dispute is resolved since it will result in forfeiture and dilution of his business interest

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRO/PRELIM. INJUNCTION

1    and his efforts for the last five years.  One purpose of the arbitration clauses is to provide a means

2    for the parties to resolve their disputes while still maintaining their relationship and the business

3    continuity.  Further, the purpose of Section 24B (i.e., injunctive relief) is to prevent harm and

4    preserve the status quo pending arbitration.

5           The equities herein favor GILBERT.  GILBERT has spent well over five years operating

6    the FASTSIGNS location and has built up the business, which has a valued reputation in the

7    community for excellent customer service and fast response to customers' needs.  As things

8    presently stand, the business is cut off from e-mail and/or not being able to send or respond to e-

9    mail from customers.  It has no website presence whatsoever.  This causes the business to lose

10   significant amounts of daily sales as well as customer goodwill.  This inures to the detriment of

11   the small business owner, GILBERT.  Moreover, the deletion of the website from the Internet

12   will no doubt perpetuate the detriment to the business.  (See GILBERT Declaration).

13          Further, FASTSIGNS' actions is having a detrimental effect on employees who are now

14   aware of the issues taking place between the parties and are fearful of losing their jobs, with the

15   denial of electronic services causing them to lose faith in the management of the business.  (See

16   GILBERT Declaration).

17          In short, there is serious and irreparable damage taking place to GILBERT which cannot

18   be repaired or remedied by any form of monetary award once this matter goes to arbitration.  In

19   balancing the equities, which this Court must do, this Court should be convinced that the party

20   that is truly being injured here is the small business owner as opposed to this large corporation

21   which is taking a heavy handed and punitive approach to its franchisee.  By restoring the

22   communications of the business, the continuity of the business would be **insured to the**

23   **betterment of both parties.**  And, notably, the parties still have recourse in seeking a resolution

24   of the underlying dispute through the binding arbitration process.  In short, there would be no

25   harm to Defendant in preserving the status quo as it existed prior to June 9, 2008 pending the

26   arbitration of this matter, while the harm to GILBERT is great and will result in loss of business

27   and a forfeiture of the hard work he put in to building the business and customer relations.

28   ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**C.    A Purpose of a TRO and the Solicited Injunction is to Preserve The Status Quo.**

A settled purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits. (*Continental Baking Company v. Katz* (1968) 68 C.2d 512, 528). GILBERT merely wishes to preserve the status quo pending arbitration and should be protected from the heavy-handed approach of a large corporation that has capriciously chosen to cut-off vital links to GILBERT's customer base. Here, GILBERT is merely asking for the restoration of all of those services that were being provided to his business prior to June 9, 2008, the date in which Defendant chose to eviscerate his communications and the support system. An order in this regard, would merely return the parties to the relationship they had with one another for over five years and up to June 9, 2008. Preservation of the status quo pending the arbitration of the present dispute is in line with the ends of justice since it would prevent irreparable injury and unnecessary forfeiture.

### III. CONCLUSION

A settled purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits. In this case, GILBERT has demanded arbitration. The Court should require the status quo be maintained pending arbitration. Further, the Court must balance the equities in considering GILBERT's request for injunctive relief. GILBERT is a small businessman who has dedicated over five (5) years in building his business. He wishes to continue until the underlying dispute is resolved and does not want to forfeit all that he has worked for. His position is that Defendant is seeking to improperly terminate the franchise agreement and this can be resolved by arbitration. GILBERT has a great deal to lose, while Defendant, a large corporation does not. Defendant's redress, if any, can be by way of arbitration, as it agreed.

The issue before the Court by way of this application is relatively simple. The restoration and maintenance of the vital communication system, which can be easily accomplished. The action taken by Defendant is punitive and inimical to GILBERT and is crippling his business. It is wreaking havoc with his employees. A preservation of the status quo will insure that GILBERT's business is preserved pending arbitration of his dispute with Defendant. The equities require a balance, and in balancing the equities, it is respectfully requested that the Court grant

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   GILBERT's application for a Temporary Restraining Order pending a hearing on the OSC.  Such

2   is in the interests of justice and fairness.

3   Dated:   June 11, 2008                              ROPERS, MAJESKI, KOHN & BENTLEY

4

5                                                       By _____

6                                                          DOUGLAS W. DAL CIELO
                                                           GREGORY M. GENTILE
7                                                          Attorneys for Plaintiff
                                                           NORMAN GILBERT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5133894.1/BL1

Case No. 1-07-CV-083034

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  TRO/PRELIM. INJUNCTION**

1   DOUGLAS W. DAL CIELO (SBN 157109)
    GREGORY M. GENTILE (SBN 142424)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    50 West San Fernando Street, Suite 1400
3   San Jose, CA  95113
    Telephone:    (408) 287-6262
4   Facsimile:    (408) 918-4501
    ddalcielo@rmkb.com
5   ggentile@rmkb.com

6   Attorneys for Plaintiff
    NORMAN GILBERT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                      CASE NO.

12              Plaintiff,

13       v.                              DECLARATION OF NORMAN GILBERT IN
                                         SUPPORT OF EX PARTE APPLICATION
14  FASTSIGNS INTERNATIONAL INC.         FOR TEMPORARY RESTRAINING ORDER
    and DOES 1-20, inclusive,            AND ORDER TO SHOW CAUSE RE
                                         PRELIMINARY INJUNCTION
15              Defendants.
                                         Date:    June 11, 2008
16                                       Time:    2:00 p.m.
                                         Dept.:   Presiding Judge
17

18

19       I, NORMAN GILBERT, declare as follows:

20       1.      I am a franchisee of FastSigns International Inc. and am a Plaintiff in this action

21  and the President of Mid-Peninsula Marquee, Inc., a California corporation doing business as

22  FASTSIGNS of Redwood City and make this declaration in support of my application for a

23  Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.

24       2.      I have personal knowledge of the information set forth below and can competently

25  testify thereto if called as a witness.

26       3.      I have been a franchisee in good standing of FASTSIGNS International since

27  November 12, 2001.

28       4.      I operate a FASTSIGNS Sign & Graphics Center located at 2504 El Camino Real,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  Redwood City, CA. I have three full time employees.

2    5.    I have spent the last 5+ years building the FASTSIGNS brand with business

3  customers both small and large in my trading area.

4    6.    My center's sales revenue and goodwill are totally dependent upon the electronic

5  services provided by FASTSIGNS International.

6    7.    I am precluded by my franchise agreement from providing my own electronic

7  services.

8    8.    I am presently involved in an unrelated dispute with FASTSIGNS

9  INTERNATIONAL in which FASTSIGNS INTERNATIONAL attempted to unilaterally

10  terminate my franchise agreement by letter received May 27th, 2008.

11    9.    In response thereto, I have demanded through counsel in a timely manner binding

12  arbitration as provided by my franchise agreement.

13    10.    I have continued to operate our location as a FASTSIGNS center while the dispute

14  is being arbitrated and wish to continue to operate as a FASTSIGNS Center until the dispute is

15  resolved by binding arbitration or mutual satisfactory agreement of the parties.

16    11.    Injunctive relief is allowed under the franchise agreement.

17    12.    On or about 2:00 p.m. local time Monday, June 9, 2008, FASTSIGNS

18  INTERNATIONAL suddenly turned off all our electronic services, denying me and my

19  employees access to contact our customers via e-mail and preventing customers and prospects

20  from contacting us electronically or finding our business on the Internet.

21    13.    FASTSIGNS International has refused to restore our services while we proceed to

22  arbitrate our unrelated dispute.

23    14.    As of 9:31 a.m. Tuesday, June 10, 2008, FASTSIGNS International began limited

24  forwarding of e-mail from one of our three e-mail accounts to my personal e-mail account but

25  without the ability to see who sent the message so we could respond. That forwarding service was

26  stopped shortly thereafter.

27    15.    My business is being irreparably economically harmed by the denial of all

28  electronic services and franchisee support by FASTSIGNS.

RC1/5133278.1/BL1                - 2 -                Case No. 1-07-CV-083034

DECLARATION OF NORMAN GILBERT IN SUPPORT OF TRO/PRELIM. INJUNCTION

16. My business has a valued reputation in the community for excellent customer service and fast response to customers needs. Being cut-off from e-mail, not being able to send or respond to e-mail and having no web site presence whatsoever will cause the business to lose a significant amount of daily sales as well as the loss of customer goodwill. Our having simply "disappeared" from the Internet will confuse our customers and prospects as to our viability, reliability and ability to meet their sign and graphics needs.

17. In addition, my three employees are now aware of the unrelated dispute with FASTSIGNS International and are now fearful of losing their jobs; denial of electronic services and franchisee support is causing them significant emotional stress as well as losing faith in the management of the center and is affecting their job performance and productivity.

18. I have also paid a pro-rata share for advertising my center along with other FASTSIGNS Bay Area centers and have had my location removed from the Bay Area Landing Page map and links found at http://www.fastsigns.com/default.aspx?tabid=624.

19. I am an elected representative to the Franchise Advisory Committee and have been denied access to our FAC folder on FSOL.

20. To date, the following services were cut-off:

a.  E-Mail Accounts:

    395@fastsigns.com

    norm.gilbert@fastsigns.com

    64201@fastsigns.com

b.  Access to FSOL (FASTSIGNS Online) via a program called First Class Client wherein exists in addition to e-mail various discussion and support groups such a Technical Support, Management Issues, FAC, Western Region Discussion Group, etc.

c.  Access to support.fastsigns.com, the primary portal providing online access to resources such as FASTMAIL (Batch E-Mail Newsletter Sending), Send-A-File (our FTP Service), Online Proofing, Web Page Design, On Demand Zone, Marketing Resources and other services vital to the

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5133278.1/BL1

- 3 -

Case No. 1-07-CV-083034

**DECLARATION OF NORMAN GILBERT IN SUPPORT OF TRO/PRELIM. INJUNCTION**

1    operation of my center.

2        d.    Our full web site http://www.fastsigns.com/395 (and derivatives of that

3            name) including pending updates, Pay Per Click Advertising Programs,

4            Landing Pages, and the ability to search for and locate our center on the

5            Internet.

6        e.    All usual and customary support services typically provided to franchisees

7            in good standing that were in place and provided prior to June 9, 2008

8        21.    I am requesting the Court to issue an Order that FASTSIGNS immediately and not

9    later than 24 hours restore all electronic communications and franchisee services as they

10   previously existed prior to June 9, 2008.  I also respectfully request the Court to order

11   FASTSIGNS to refrain from any further actions that may be inimical to my business pending the

12   arbitration of this matter.

13       I declare under penalty of perjury that the foregoing is true and correct and if called upon

14   as a witness could competently testify thereto.  Executed this _11th_ day of June, 2008, in

15   Redwood City, California.

16

17   NORMAN GILBERT

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NORMAN GILBERT IN SUPPORT OF TRO/PRELIM. INJUNCTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   DOUGLAS W. DAL CIELO (SBN 157109)
    GREGORY M. GENTILE (SBN 142424)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    50 West San Fernando Street, Suite 1400
3   San Jose, CA  95113
    Telephone:   (408) 287-6262
4   Facsimile:    (408) 918-4501
    ddalcielo@rmkb.com
5   ggentile@rmkb.com

6   Attorneys for Plaintiff
    NORMAN GILBERT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  NORMAN GILBERT,                    CASE NO.

12              Plaintiff,
                                       **DECLARATION OF GREGORY M.**
13       v.                            **GENTILE IN SUPPORT OF EX PARTE**
                                       **APPLICATION FOR TEMPORARY**
14  FASTSIGNS INTERNATIONAL INC.       **RESTRAINING ORDER AND ORDER TO**
    and DOES 1-20, inclusive,          **SHOW CAUSE RE PRELIMINARY**
15                                     **INJUNCTION**
                Defendants.
16                                     **Date:    June 11, 2008**
                                       **Time:    2:00 p.m.**
17                                     **Dept.:   Presiding Judge**

18

19       I, Gregory M. Gentile, declare as follows:

20       1.      I am one of the attorneys of record for Plaintiff NORMAN GILBERT

21  ("GILBERT") and make this declaration in support of GILBERT's ex-parte application for a

22  Temporary Restraining Order and the setting of an Order to Show Cause Re Preliminary

23  Injunction.

24       2.      Attached hereto as Exhibit A is a true and correct copy of the relevant pages of the

25  Franchise Agreement between Plaintiff GILBERT and Defendant FASTSIGNS

26  INTERNATIONAL INC.

27  / / /

28  / / /

RC1/5133465.1/BL1                    - 1 -              Case No. 1-07-CV-083034

**DECLARATION OF GREGORY M. GENTILE IN SUPPORT OF TRO/PRELIM. INJUNCTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

3.    As set forth on the attached page 34 of the Agreement, Paragraph 24A provides for dispute resolution in that "Franchise and Franchisee agree that, subject to paragraph B, below, any claim, controversy or dispute between Franchisor and Franchisee will be submitted to binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association."

4.    Notably, pursuant to Paragraph 24B on page 35: "Either party may institute in a court of competent jurisdiction an action or actions for temporary or preliminary injunctive relief; provided, however, that such party must contemporaneously submit the dispute for arbitration on the merits as provided in Paragraph A of the Agreement."

5.    Attached hereto as Exhibit B is a true and correct copy of a letter dated June 2, 2008 sent to FASTSIGNS' President Larry Lane in which GILBERT demanded binding arbitration.  FASTSIGNS has confirmed receipt of this letter.

6.    Attached hereto as Exhibit C is a true and correct copy of written notice of this ex-parte application to both Larry Lane, President of FASTSIGNS INTERNATIONAL INC., and attorney Dennis Wieczorek of the law firm of DLA Piper in Chicago, Illinois (who represents Defendant FASTSIGNS).

7.    Said letter dated June 10, 2008 provides notice of this ex-parte application to both individuals and was transmitted by my office by both e-mail and facsimile correspondence at approximately 10:30 a.m. on June 10, 2008.

8.    Although both Mr. Lane and Mr. Wieczorek reside outside of California, the law firm of DLA Piper has assigned the DLA Piper office in San Francisco, through attorney Jeffrey Mark Hamerling, to represent FASTSIGNS.  I spoke with Mr. Hamerling on the afternoon of June 10 regarding this application.  Mr. Hamerling advised that he would be present at this application.  Moreover, given the exceptional circumstances in which Defendant has refused and continues to refuse to re-establish vital communications for Mr. GILBERT's business operations,

///

///

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5133465.1/BL1

- 2 -

Case No. 1-07-CV-083034

DECLARATION OF GREGORY M. GENTILE IN SUPPORT OF TRO/PRELIM. INJUNCTION

1   there are exceptional circumstances for this ex-parte taking place on Wednesday, June 11, 2008.

2         9.    Attached hereto as Exhibit D is a true and correct copy of the Complaint in this

3   action seeking injunctive relief.

4         I declare under penalty of perjury that the foregoing is true and correct and if called upon

5   as a witness could competently testify thereto.  Executed this 11th day of June, 2008, in San Jose,

6   California.

7

8   GREGORY M. GENTILE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**EXHIBIT A**



FASTSIGNS INTERNATIONAL, INC.

FRANCHISE AGREEMENT

Norman Gilbert

State of California

fm.6.26.01

FASTSIGNS International, Inc. • 2550 Midway Road, Ste. 150 • Carrollton, TX 75006 • 214/346-5600 • FAX 972/248-8201

21.    Entire Agreement and Modification

This Agreement, the documents referred to herein and the Attachments hereto, set forth all of the promises, covenants, agreements and conditions between the Franchisor, Franchisee and the Controlling Principals and supersedes all prior and contemporaneous agreements and understandings, express or implied, oral or written. Except as otherwise provided herein, this Agreement may be amended, modified or canceled and any of the terms, covenants or conditions hereof may be waived only in writing and signed by both Franchisor and Franchisee.

22.    Approvals

A.    Whenever this Agreement requires the prior approval or consent of Franchisor, Franchisee shall make a timely written request to Franchisor therefor, and such approval or consent granted shall be in writing.

B.    Franchisor makes no warranties or guarantees upon which Franchisee may rely and assumes no liability or obligation to Franchisee or any third party to which it would not otherwise be subject, by providing any waiver, approval, advice, consent, or suggestion to Franchisee in connection with this Agreement, or by reason of any neglect, delay, or denial of any request therefor.

23.    Non-Waiver and Remedies

A.    No delay, waiver, omission, or forbearance on the part of Franchisor to exercise any right, option, duty, or power arising out of any breach or default by Franchisee or Controlling Principals under any of the terms hereof, shall constitute a waiver by Franchisor to enforce any such right, option, duty, or power with respect to any other breach or default by Franchisee or Controlling Principals or of any other rights hereunder. Acceptance by Franchisor of any payments due to it hereunder subsequent to the time at which such payments are due shall not be deemed to be a waiver by Franchisor of any preceding breach by Franchisee or Controlling Principals of any terms of this Agreement.

B.    All rights and remedies of the parties hereto shall be cumulative and not alternative, in addition to and not exclusive of any other rights or remedies which are provided for herein or which may be available at law or in equity in case of any actual or threatened breach, failure or default of any term, provision or condition of this Agreement or any other agreement between Franchisee and Franchisor or its subsidiaries and affiliates. The rights and remedies of the parties hereto shall be continuing and may be exercised at any time or from time to time. The expiration, earlier termination, or exercise of Franchisor's rights pursuant to Section 16 of this Agreement shall not discharge or release Franchisee or any of Controlling Principals from any liability or obligation then accrued, or any liability or obligation continuing beyond, or arising out of, the expiration, the earlier termination, or the exercise of such rights under this Agreement.

C.    Franchisee shall, during the term of this Agreement and thereafter, promptly pay all sums owing to Franchisor and its subsidiaries and affiliates. Such sums shall include all damages, costs and expenses, including reasonable attorneys' fees, incurred by Franchisor as a result of Franchisee's failure to perform its obligation hereunder (including damages, expenses and attorneys' fees incurred in obtaining injunctive or other relief in connection with the enforcement of any provision of this Agreement).

24.    Dispute Resolution

▮▮▮▮▮▮▮▮▮▮▮▮▮ Franchisor and Franchisee agree that, subject to Paragraph B below, any claim, controversy or dispute between Franchisor (and its affiliates and their respective shareholders, officers, directors, agents, employees, successors and assigns) and Franchisee (and its Controlling Principals, Principals, guarantors, officers, directors, agents, employees, successors and assigns) arising out of or or relating to: (1) Franchisee's operation of the Center under this Agreement; (2) this Agreement

or (3) the relationship created by this Agreement; (4) the validity of this Agreement or any other agreement between Franchisee and Franchisor; or (5) any System standard relating to the establishment or operation of the Center, will be submitted for binding arbitration before one arbitrator in accordance with the then-current commercial arbitration rules of the American Arbitration Association. If such rules are in any way contrary to or in conflict with this Agreement, the terms of this Agreement shall control.

Arbitration shall take place at a location specified by the arbitrator within ten miles of Franchisor's principal place of business in Dallas County, Texas. The award of the arbitrator shall be final and judgment upon the award rendered in arbitration may be entered in any court having jurisdiction thereof. The costs and expenses of arbitration, including compensation and expenses of the arbitrator, shall be borne by the parties as the arbitrator determines. Franchisor and Franchisee further agree that, in any arbitration proceeding, each must submit or file any claim which would consitute a compulsory counterclaim (as defined by Rule 13 of the Federal Rules of Civil Procedure) within the same proceeding as the claim to which it relates. Any claim which is not submitted or filed as required is forever barred. The arbitrator may not consider any settlement discussions or offers that might have been made by either Franchisor or Franchisee.

Franchisor and Franchisee agree that arbitration will be conducted on an individual, not a class wide basis, and that an arbitration proceeding between Franchisor and Franchisee may not be consolidated with any other arbitration proceeding between Franchisor and any other person.

Franchisor and Franchisee waive any right to or claim for punitive or exemplary damages, except punitive or exemplary damages allowed under federal statute.

B.    Injunctive Relief. Notwithstanding any provision contained in Paragraph A above, either party may institute in a court of competent jurisdiction an action or actions for temporary or preliminary injunctive relief; provided, however, that such party must contemporaneously submit the dispute for arbitration on the merits as provided in Paragraph A above.

C.    Jurisdiction and Venue. With respect to actions described in Paragraph B above and any other actions not subject to arbitration under Paragraph A above, Franchisee and Controlling Principals hereby agree that Franchisor may institute any action against either or both of them in the state courts of Dallas County, Texas and the federal district court for the Northern District of Texas, Dallas Division, and Franchisee and Controlling Principals irrevocably submit themselves to the jurisdiction of such courts. Franchisee and Controlling Principals hereby waive all questions of personal jurisdiction for the purpose of carrying out this provision. Franchisee and Controlling Principals hereby irrevocably agree that service of process may be made upon them in any legal proceeding relating to or arising out of this Agreement or the relationship created by this Agreement by any means allowed by Texas or federal law.

D. Governing Law.    All matters relating to arbitration will be governed by the Federal Arbitration Act. This Agreement and the relationship of the parties shall be interpreted and construed under Texas law (except for Texas choice of law rules), and except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. §§ 1051 et. seq.), the Federal Arbitration Act, or other federal law.

E.    Waiver of Certain Damages and Jury Trial. Franchisor and Franchisee hereby waive any right to or claim for punitive or exemplary damages, except punitive or exemplary damages allowed under federal statute. Franchisor and Franchisee hereby irrevocably waive trial by jury on any action, proceeding or counterclaim, whether at law or in equity, brought by either of them.

25.    Notices

Any and all notices required or permitted under this Agreement shall be in writing and shall be personally delivered or mailed by expedited delivery service or certified or registered mail, return receipt requested, first-class postage prepaid, or sent by prepaid telex, or facsimile (provided that the sender

D. Franchisee has not relied upon, nor has Franchisor made, any representations, warranties or guarantees, expressed or implied, as to the potential volume, profits or success of the business venture contemplated herein;

E. Franchisee has the full right and authority to enter into this Agreement without joinder of any other person;

F. All information and materials provided to Franchisor by Franchisee and Controlling Principals, individually or collectively, are true and correct and complete to the best of their knowledge, information and belief;

G. Franchisee has received a completed copy of this Agreement, the Addenda hereto and all agreements relating hereto, if any, at least five (5) business days prior to the date on which this Agreement was executed. Franchisee further acknowledges that it has received the disclosure document required by the Trade Regulation Rule of the Federal Trade Commission entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" at least ten (10) business days prior to the date on which this Agreement was executed;

H. Franchisee has received, read and understood this Agreement, the Addenda hereto, and all agreements relating hereto, if any, and Franchisor has accorded Franchisee ample time and opportunity to consult with advisors of Franchisee's own choosing about the potential benefits and risks of entering into this Agreement; and

I. Franchisor's obligations and Franchisee's rights pursuant to this Agreement are expressly conditioned upon the continued truth of the representations and warranties set forth above at the time of execution hereof and throughout the term hereof.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

FASTSIGNS INTERNATIONAL, INC.

By: _____
Name: _____ Gary Salomon
Title: _____

ATTEST:

_____

FRANCHISEE:

By: _____
Name: Norman Gilbert
Title: _____
Date Signed: 10-26-01

ATTEST:

_____

FRANCHISEE:

By: _____
Name: _____
Title: _____
Date Signed: _____

FAREV3.01                                -38-

**EXHIBIT B**

SAN JOSE | 50 West San Fer...do Street
Los Angeles | Suite 1400
New York | San Jose, CA 95113
San Francisco | Telephone (408) 287-6262
Redwood City | Facsimile (408) 918-4501
Boston | www.ropers.com

**RMKB**
ROPERS MAJESKI KOHN BENTLEY

ddalcielo@ropers.com

Douglas W. Dal Cielo

June 2, 2008

Larry Lane
FastSigns International, Inc.
2542 Highlander Way
Carrollton, TX 75006

Dear Mr. Lane:

This correspondence is in response to your May 27, 2008 letter attempting to "terminate" the subject Franchise Agreement. Please be advised that the franchisor has and continues to act in "bad faith" in violation of the Franchise Agreement dated November 12, 2001. We invite you to reconsider your position; specifically, continuing to negotiate in "good faith" any outstanding royalties and fees that the franchisor deems owed.

It bears emphasis that we will not be forced to sell our franchise as a distressed commodity. In the event that an economic settlement cannot be reached, we hereby demand binding arbitration in California pursuant to §24 of the Agreement and the addendum thereto. We thank you in advance for your prompt attention to this matter.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

/s/

DOUGLAS W. DAL CIELO

DWD/bjs
cc:    Norm Gilbert

RC1/5129265.1/BS

**EXHIBIT C**

SAN JOSE
Los Angeles
New York
San Francisco
Redwood City
Boston

50 West San Fer. .do Street
Suite 1400
San Jose, CA 95113
Telephone (408) 287-6262
Facsimile (408) 918-4501
www.ropers.com

L A W Y E R S
RMKB
ROPERS MAJESKI KOHN BENTLEY

ggentile@rmkb.com

Gregory M. Gentile
(408) 918-4554

June 10, 2008

**VIA FACSIMILE AND E-MAIL**
(972) 248-8201
Larry.Lane@fastsigns.com

Larry Lane
President
FASTSIGNS International, Inc.
2542 Highlander Way
Carrollton, TX 75006

**VIA FACSCIMILE AND E-MAIL**
(312) 630-7362
Dennis.wieczorek@dlapiper.com

Dennis Wieczorek, Esq.
DLA Piper
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601-1293

Re: FASTSIGNS International, Inc. ("FII") Franchise
Location Number 64201
**Notification of Ex-Parte Application**

Dear Mr. Lane and Mr. Wieczorek:

As you may know, this law firm represents Norman Gilbert. Mr. Gilbert has advised that in light of the present dispute between him and FastSigns International, Inc. (to which Mr. Gilbert has requested arbitration), FastSigns has terminated his essential communications system with his customers, including his e-mail and websites, thus crippling Mr. Gilbert's ability to do business as a franchisee under Mid-Peninsula Marquee dba FastSigns.

It is my understanding that Mr. Lane has been informed by Mr. Gilbert of the above and that FastSigns refuses and continues to refuse to restore Mr. Gilbert's e-mail communication and website.

In light of the irreparable harm that is taking place to Mr. Gilbert and his business operation, Mr. Gilbert has little choice but to proceed pursuant to Section 24B of the Franchise Agreement and obtain injunctive relief.

Notice is hereby being provided to you that tomorrow, June 11, 2008, at 2:00 p.m. at San Mateo County Superior Court located at 400 County Center, Redwood City, California, Mr. Gilbert will be making an ex-parte application seeking a temporary restraining order and order to show cause re preliminary injunction, requesting that the Court order that, within 24 hours, Fast Signs restore the essential communications systems. Mr. Gilbert wishes to preserve the status quo pending arbitration.



Larry Lane
Dennis Wieczorek, Esq.
Re:  FastSigns:  Location 64201
June 10, 2008                                                                                    Page 2

     Obviously, same can be avoided if FastSigns immediately agrees in writing and does in fact restore said communications systems; otherwise, Mr. Gilbert has little choice but to proceed and seek injunctive relief.

     Please call me should you have any questions regarding the above.

                   Very truly yours,

                   ROPERS, MAJESKI, KOHN & BENTLEY

                   GREGORY M. GENTILE

GMG:bl
cc:      Client

```
                    *****************************
                ***    MULTI TX/RX REPORT    ***
                    *****************************

TX/RX NO              4586
PGS.                  3
TX/RX INCOMPLETE      -----
TRANSACTION OK        (1)   919722488201
                      (2)   913126307362

ERROR INFORMATION     -----
```

*nsb*
*6mb*

| | |
|---|---|
| SAN JOSE | 80 North First Street |
| Los Angeles | San Jose, CA 95113 |
| New York | Telephone (408) 287-6262 |
| San Francisco | Facsimile (408) 918-4501 |
| Redwood City | www.ropers.com |

L A W Y E R S
RMKB
ROPERS MAJESKI KOHN BENTLEY

## FACSIMILE TRANSMISSION

**DATE:**      June 10, 2008

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Larry Lane, President FASTSIGNS International, Inc. | (972) 248-8201 | (214) 346-5600 |
| Dennis Wieczorek, Esq. DLA Piper | (312) 630-7362 | |

**FROM:**      Gregory M. Gentile, Esq.      **PHONE:**      (408) 918-4554

**RE:**      FASTSIGNS Franchise Agreement

**SENT BY:**  Bonnie Langston      **PHONE:**      (408) 947-4844

**NUMBER OF PAGES, INCLUDING COVER:**      3

**MESSAGE:**

Please see the attached letter.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any

**EXHIBIT D**

1   DOUGLAS W. DAL CIELO (SBN 157109)
     GREGORY M. GENTILE (SBN 142424)
2   ROPERS, MAJESKI, KOHN & BENTLEY
     50 West San Fernando Street, Suite 1400
3   San Jose, CA  95113
     Telephone:   (408) 287-6262
4   Facsimile:   (408) 918-4501
     ddalcielo@rmkb.com
5   ggentile@rmkb.com

6   Attorneys for Plaintiff
     NORMAN GILBERT

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 1 1 2008

Clerk of the Superior Court
By   R. Montgomery
~~DEPUTY CLERK~~

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN MATEO

10

11   NORMAN GILBERT,             CASE NO.   **CIV 4 7 3 6 0 0**

12           Plaintiff,          **COMPLAINT FOR INJUNCTIVE AND**
                          **DECLARATORY RELIEF**
13      v.

14   FASTSIGNS INTERNATIONAL INC.
     and DOES 1-20, inclusive,
15
           Defendants.
16

17      Plaintiff NORMAN GILBERT for his Complaint for Injunctive and Declaratory Relief,

18   alleges as follows:

19                    **GENERAL ALLEGATIONS**

20        1.    Plaintiff NORMAN GILBERT (hereinafter "GILBERT" or "Plaintiff") is an

21   individual residing in the State of California and is the owner/franchisee, operator and President

22   of a licensed corporation known as Mid-Peninsula Marquee, Inc. dba FastSigns, with its principal

23   place of business located at 2504 El Camino Real, Redwood City, California 94061.

24        2.    Defendant FASTSIGNS INTERNATIONAL INC. (hereinafter "FASTSIGNS" or

25   "Defendant") is upon information and belief, a Texas corporation licensed to do business in the

26   State of California and is a franchisor under that certain Franchise Agreement entered into with

27   Plaintiff GILBERT and dated November 12, 2001.

28        3.    The true names and capacities, whether individual, corporate, associate, or

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5133174.1/BL1

- 1 -

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1    otherwise of Defendants DOES 1 through 20, inclusive, are unknown to GILBERT, who

2    therefore sues such Defendants by such fictitious names.  GILBERT is informed and believes

3    and, on that basis alleges, that each of the Defendants sued herein as Does 1 through 20,

4    inclusive, are responsible in some way for the events herein alleged.  GILBERT will pray leave to

5    amend this Complaint to state the true names and capacities of said Defendants when the same

6    have been ascertained.

7        4.    GILBERT is informed and believes and, on that basis, alleges that at all relevant

8    times herein, the Defendants, and each of them, were the agents, servants, and employees of each

9    of the remaining Defendants and acted within the course and scope of such agency, servitude, and

10   employment.

### RELEVANT ALLEGATIONS

12       5.    On or about November 12, 2001, GILBERT and Defendant entered into a

13   Franchise Agreement wherein GILBERT commenced the operation of a business incorporated as

14   Mid-Peninsula Marquee Inc. specializing in the production and marketing of signs, graphics,

15   banners, ready-to-apply lettering, etc.  On the aforementioned date, GILBERT was granted by

16   Defendant the right and franchise of said business to develop and operate a "Fast Signs Center".

17       6.    Thereafter, GILBERT commenced operation of the franchise under the name of

18   Mid-Peninsula Marquee Inc., and has spent the last five years building the FASTSIGNS brand

19   with both large and small customers.

20       7.    GILBERT has operated such franchise and was considered a valued franchisee by

21   Defendant since November 12, 2001, achieving more than satisfactory gross sales and paying

22   royalties to Defendant.

23       8.    In or about April, 2008, a dispute arose between GILBERT and Defendant

24   following an audit of April 14, 2008 wherein Defendant deemed GILBERT to be in violation of

25   certain sections of the aforementioned Franchise Agreement.  Thereafter, Defendant deemed

26   GILBERT to be in non-compliance with the terms and conditions of the Franchise Agreement

27   and as a consequence seeks to terminate the Franchise Agreement.  As a consequence, a dispute

28   arose between the parties which is specifically governed by Section 24A of the Franchise

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCl/5133174.1/BL1

- 2 -

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1    Agreement mandating binding arbitration which has been demanded in writing by GILBERT.

2          9.      Notwithstanding the dispute presently existing between GILBERT and Defendant,

3    Defendant has sought to take action inimical to GILBERT's business operation of the franchise,

4    including, but not limited to, the following:  The termination of Plaintiff's vital e-mail

5    communication system and website, thereby negating and frustrating Plaintiff from operating said

6    business, communicating with present and prospective customers, patrons and others in the

7    furtherance of maintaining the business of the franchise, to the detriment of GILBERT.

8    GILBERT's sales revenue and goodwill are totally dependent upon the electronic services

9    provided by FASTSIGNS.

10          10.     Although Paragraph 24A of the aforementioned Franchise Agreement mandates

11    binding arbitration with the American Arbitration Association, Paragraph 24B of the Agreement

12    sets forth that "notwithstanding any provision contained in Paragraph A above, either party may

13    institute in a court of competent jurisdiction an action or actions for temporary or preliminary

14    injunctive relief; provided, however, that such party must contemporaneously submit the dispute

15    for arbitration on the merits as provided in Paragraph A".

16          11.     At all relevant times GILBERT has satisfied the condition and has demanded

17    arbitration in writing with Defendant and in good faith wishes to submit the pending dispute to

18    binding arbitration pursuant to Paragraph 24A.  Despite GILBERT's good faith request to

19    arbitrate the dispute, Defendant has refused to restore the e-mail and website communications,

20    thereby crippling GILBERT's business.  GILBERT requires and hereby seeks injunctive relief

21    seeking an order that Defendant restore all vital communications and restrain from taking any

22    further steps inimical to the operation of GILBERT's operation of the franchise and to preserve

23    the status quo pending the arbitration hearing.

24          12.     Despite GILBERT's request to Defendant to cease and desist its unlawful conduct

25    in removing and otherwise cutting off his communication system, Defendant has failed and

26    refused to desist and unless the Court imposes its equity powers and issues an injunction to

27    preserve the status quo pending arbitration, Plaintiff will be irreparably harmed.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5133174.1/BL1

- 3 -

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

# FIRST CAUSE OF ACTION

## (Injunctive Relief)

13.    GILBERT realleges and incorporates herein by reference each and every allegation contained in Paragraph 1 through 12, inclusive.

14.    Unless and until enjoined and restrained by the Court, GILBERT will suffer great and irreparable injury in that Defendant's actions are restricting GILBERT from performing any business activities and is economically injuring him and his customer base to his detriment. Plaintiff has no speedy or adequate remedy at law for the on-going injuries being suffered as a result of Defendant's interference with its business communication and GILBERT is suffering the loss of its present business and future business and enjoyment of its business property as a result of Defendant's actions.

15.    As a proximate result of Defendant's interference with GILBERT communications system, GILBERT has been and is unable to use and/or operate its business and is suffering damages associated with the loss of use of its business and its customer base in an amount according to proof.

16.    Plaintiff will pray leave to amend this Complaint to allege further actions and an exact amount of said damages if same becomes necessary, and upon same becoming known to it.

WHEREFORE, Plaintiff prays for judgment as set forth below.

# SECOND CAUSE OF ACTION

## (Declaratory Relief)

17.    GILBERT realleges and incorporates herein by reference each and every allegation contained in Paragraph 1 through 16, inclusive.

18.    Based upon the above allegations and unless and until enjoined or restrained by order of this Court, Defendant's obstruction and interference with GILBERT business operation will cause great and irreparable injury.

19.    GILBERT has no adequate remedy at law for the injuries being suffered as a result of Defendant's activities and therefore GILBERT has no other alternative but to seek a declaratory judgment or injunctive relief since Defendant's activities are forcing GILBERT to

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

forfeit all of his attendant business property rights.

20.    An actual controversy has arisen and now exists between GILBERT and Defendant concerning the respective rights and duties regarding the communications system and therefore Plaintiff seeks a judicial determination of its respective rights and duties and a declaration that Defendant not interfere with his communications system or take any other action inimical to the business until this matter is heard by the arbitrator pursuant to the Franchise Agreement.

WHEREFORE, GILBERT prays for judgment as set forth below:

a.    A Temporary Restraining Order that Defendant restore the communications system as it existed prior to June 9, 2008;

b.    A preliminary injunction that Defendant refrain from any such activity that may interfere with GILBERT's use and enjoyment of the business enterprise named above and that GILBERT's business e-mail and website be restored and maintained to its full operation until arbitration of this matter is heard and the issue of the dispute is resolved by the Arbitrator.

c.    That the status quo be preserved pending arbitration in this matter and that Defendant take no such action or activities inimical to GILBERT that interferes with Plaintiff's operation of its business.

d.    For such other relief as this Court may deem proper.

Dated: June 11, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY


                                        By:_____
                                        DOUGLAS W. DAL CIELO
                                        GREGORY M. GENTILE
                                        Attorneys for Plaintiff
                                        NORMAN GILBERT

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5133174.1/BL1                    - 5 -

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**EXHIBIT C**



DLA Piper US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
www.dlapiper.com

Jeffrey M. Hamerling
jeffrey.hamerling@dlapiper.com
T 415.615.6043
F 415.659.7343

June 26, 2008
**By E-Mail and U.S. Mail**

OUR FILE NO. 211024-29

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
50 West San Fernando Street
Suite 1400
San Jose, CA 95113

Re:    Gilbert v. FastSigns International, Inc.
       USDC Case No. 3:08-cv-03043-VRW

Dear Mr. Gentile:

I am in receipt of your letter dated June 24, 2008. I agree with you that under federal law, the current temporary restraining order will expire on July 1, 2008 unless a further extension is granted.

Confirming my discussion with Mr. Dal Cielo, I agreed to provide 48 business hours notice prior to taking any action that would be inconsistent with the state court temporary restraining order, even after the restraining order expires on July 1, 2008. You have asked that we extend this notice to 72 hours, and we will agree to your request.

Finally, you have asked that we stipulate to extending the TRO pending your motion to remand. We are unwilling to enter into such a stipulation. However, we will cooperate with you and stipulate to an order shortening time to notice the hearing on the preliminary injunction and motion for remand. If you schedule these hearings no later than July 17, we would agree to extend the temporary restraining order until such a hearing date.

Very truly yours,

**DLA Piper US LLP**

Jeffrey M. Hamerling
Partner

Admitted to practice in California

HAND RECEIVED
RMKB SJ OFFICE
Matter #

JUN 3 0 2008

CALENDARED          FILED BY
CORR       PLDG       DISC
OTHER

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA 95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8              UNITED STATES DISTRICT COURT

9        CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

10

11 NORMAN GILBERT,                    CASE NO.  3:08-CV-03043-VRW

12          Plaintiff,               **[PROPOSED] ORDER GRANTING
                                     PLAINTIFF NORMAN GILBERT'S
13     v.                            MOTION TO SHORTEN TIME AND/OR
                                     SPECIALLY SET FOR HEARING
14 FASTSIGNS INTERNATIONAL, INC.     PLAINTIFF'S OSC RE PRELIMINARY
   and DOES 1-20, inclusive,         INJUNCTION**

15
            Defendants.
16

17     Plaintiff NORMAN GILBERT's motion to shorten time for the hearing of his Order to

18 Show Cause Re Preliminary Injunction was submitted to this Court on July 1, 2008.

19     IT IS HEREBY ORDERED that Plaintiff NORMAN GILBERT's Order to Show Cause

20 Re Preliminary Injunction be set on the Court's Law and Motion Calendar for July 17, 2008 at

21 2:30 p.m.

22     IT IS FURTHER ORDERED that the briefing schedule agreed to by the parties and set

23 forth in the Superior Court's Order to Show Cause Re Preliminary Injunction dated June 11, 2008

24 is to remain in effect.

25 Dated: _____

26

27                          _____
                            VAUGHN R. WALKER
                            CHIEF JUDGE OF THE UNITED STATES
                            DISTRICT COURT
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose