1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA  95113
   Telephone:     (408) 287-6262
4  Facsimile:     (408) 918-4501
   ddalcielo@rmkb.com
5  ggentile@rmkb.com

6  Attorneys for Plaintiff
   NORMAN GILBERT

7

8                  UNITED STATES DISTRICT COURT

9            CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

10

11 | NORMAN GILBERT,                    | CASE NO.  3:08-CV-03043-VRW
12 |          Plaintiff,                | MEMORANDUM OF POINTS AND
   |                                    | AUTHORITIES IN SUPPORT OF
13 |     v.                             | PLAINTIFF NORMAN GILBERT'S REPLY
   |                                    | TO OPPOSITION TO MOTION TO
14 | FASTSIGNS INTERNATIONAL, INC.      | REMAND AND REQUEST FOR
   | and DOES 1-20, inclusive,          | ATTORNEY'S FEES
15 |                                    |
   |          Defendants.               | Date:   July 10, 2008
16 |                                    | Time:   2:30 p.m.
   |                                    | Judge:  Hon. Vaughn R. Walker
17

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

RC1/5147983.1/RD3

Case No. 3:08-CV-03043-VRW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF NORMAN GILBERT'S REPLY TO
OPPOSITION TO MOTION TO REMAND

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | DEFENDANT'S ONE-SIDED VERSION OF EVENTS ARE INCONSEQUENTIAL | 1 |
| III. | PLAINTIFF IS NOT SEEKING DAMAGES IN HIS COMPLAINT | 2 |
| IV. | DEFENDANT HAS FAILED TO SATISFY THE RELEVANT TEST AS TO THE AMOUNT IN CONTROVERSY | 3 |
| V. | DEFENDANT'S OPPOSITION CITES NO CASE SUPPORTING JURISDICTION | 5 |
| VI. | DEFENDANT SHOULD BE REQUIRED TO PAY ATTORNEY'S FEES AND COSTS | 6 |
| VII. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Gugliemino v. McKee Foods Corp.*
  506 F.3d. 696, 699 (9th Cir. 2007) .................................................................... 3, 5

*Korn v. Polo Ralph Loren Corp.*
  536 F. Supp. 2d. 1199 1205 (E.D. Cal. 2008) .................................................... 3, 5

*Kroske v. US Bank Corp.*
  432 F.3d. 976 (9th Cir. 2005) ................................................................................. 5

*Ridder Bros. Inc., v. Blethen*
  142 F.2d. 395, (9th Cir. 1944) ................................................................................ 5

*Sanchez v. Monumental Life Insurance Company*
  102 F.3d. 398 (9th Cir 1996) ............................................................................... 3, 5

*St. Paul Mercury Indem. Co., v. Red Cab Co.*
  U.S. 283, 288-290, 82 L. Ed. 845, 58 S. Ct. 586 (1938) ........................................ 6

*Valdez v. Allstate Insurance Company*
  372 F.3d. 1115 ((9th Cir. 2004) .............................................................................. 5

## I. SUMMARY OF ARGUMENT

Plaintiff NORMAN GILBERT ("Plaintiff" or "GILBERT") hereby submits his reply memoranda to the opposition of FASTSIGNS INTERNATIONAL INC., ("Defendant" or "FASTSIGNS") to GILBERT's motion to remand. Defendant's arguments do not change one salient fact: That GILBERT's motion was brought because the subject complaint did **not** seek damages, but only equitable relief pending binding arbitration. Any damages, whether hypothetical or real, will be within the province of an arbitrator pursuant to the written franchise agreement. As such, this is not a case where Plaintiff's complaint seeks damages. Even assuming arguendo that the Court rejects this argument, Plaintiff has still failed to meet its burden under federal law of actually proving the facts to support jurisdiction. It has not shown that the value of the distinct business right that is the subject of Plaintiff's claim for injunctive relief is in excess of the $75,000.00 jurisdictional threshold. Moreover, no case cited by Defendant supports a Federal Court maintaining jurisdiction when a Plaintiff seeks only equitable relief, such as in this circumstance wherein Plaintiff's complaint was brought to preserve the status quo while the parties arbitrate their dispute pursuant to a written agreement. Clearly, when considering the above and the fact that Congress placed limits on both removal and diversity cases with the intent to restrict federal jurisdiction in controversies between citizens of different states, this court should remand this action.

## II. DEFENDANT'S ONE-SIDED VERSION OF EVENTS ARE INCONSEQUENTIAL

Defendant offers a one sided view of the facts. Although this may provide the court with some background (from the Defendant's perspective) with respect to the underlying dispute giving rise to GILBERT's demand for arbitration, for the most part this history is irrelevant for the purposes of this motion. These issues will be for the arbitrator to decide. It will be the arbitrator to decide whether the underlying transaction giving rise to the dispute requiring arbitration constituted a sale under the agreement. It will be the arbitrator who will decide if a royalty reduction should apply. It will be the arbitrator who will decide if a single isolated incident constitutes a material breach under the agreement justifying whether Defendant can

///

terminate GILBERT's franchise. In short, other than the claim for injunctive relief, this case is for an arbitrator to decide.

### III. PLAINTIFF IS NOT SEEKING DAMAGES IN HIS COMPLAINT

Defendant still ignores the fact that the injunction sought by GILBERT was a temporary equitable measure and pursuant to an agreement that provides for the issuance of an injunction, to the extent needed. GILBERT's complaint sought no damages in its prayer and merely requested equitable and declaratory relief. Unlike the myriad cases cited by Defendant, which sought damages, GILBERT seeks no damages in his complaint.

Any damages or the calculation of the amount of damages will be within the exclusive province of the arbitrator. It will not be for this court or for a federal jury to determine.

Unfortunately, Defendant is attempting to use the allegations asserted by Plaintiff to support its claim that there is a damage claim. However, the allegations set forth in the complaint and which are set forth by Defendant in its amended opposition on pages 3 and 7 were asserted to obtain an injunction only, and not to obtain damages. The amount in controversy is non-existent because there is no amount in controversy.

Toward that end, the sought after injunction was to prevent prospective harm from occurring pending arbitration. Defendant engages in unwarranted hyperbole when it states that GILBERT was seeking to save his business from destruction. (Opposition p. 7:6). What GILBERT sought by way of the TRO, and is seeking by way of the prospective preliminary injunction hearing, is the preservation of the status quo.

If, as Defendant argues, this Court is to assume the truth of the Plaintiff's allegations in the Complaint, then it must also give equal weight to GILBERT's allegations of invoking the equity power of the court to preserve the status quo pending arbitration. GILBERT has demanded arbitration and his complaint was filed pursuant to paragraph 24B of the Franchise Agreement. (Complaint ¶¶10, 11). It must also give equal weight to the prayer in GILBERT's Complaint, which does not request damages, but only equitable relief and preservation of the status quo.

///

# IV. DEFENDANT HAS FAILED TO SATISFY THE RELEVANT TEST AS TO THE AMOUNT IN CONTROVERSY

It is well-settled that there is a strong presumption against removal jurisdiction. (*Gaus v. Miles Inc.*, 980 F.2d. 564, 567). Against this presumption, Defendant carries a heavy burden of rebuttal. As stated by the Ninth Circuit in *Sanchez v. Monumental Life Insurance Company* 102 F.3d. 398 (9th Cir 1996): "We conclude that the test which should be applied here is that suggested by our decision in *Gaus* [*Gaus v Miles, Inc.*, 980 F.2d. 564 (9th Cir. 1992)]. In Gaus, we held that in removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than $50,000, the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount" [Citations omitted]] (*Sanchez* at p. 403]. Defendant in this case must demonstrate by a preponderance of evidence that the amount in controversy exceeds the $75,000.00 jurisdictional requirement. (*Gugliemino v. McKee Foods Corp.*, 506 F.3d. 696, 699 (9th Cir. 2007).

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe. (*Korn v. Polo Ralph Loren Corp.*, 536 F. Supp. 2d. 1199 1205 (E.D. Cal. 2008).

In the case at bar, Defendant argues that it satisfies its burden in establishing the requisite jurisdictional amount by claiming that the value of the injunction sought by GILBERT is the value of his business and that the business is worth more than $75,000.00. (Amended Opposition p. 8:12-13; See also Declaration of Larry Lane (p. 3 ¶13:23-24). Respectfully, Defendant's opposition and Lane's declaration misses the mark. GILBERT's business is not the object of the injunction sought by GILBERT. The object of GILBERT's injunction request was a distinct aspect of GILBERT's business: The services attendant to his communications (i.e. e-mail and web-site communications) and the preservation of those services pending arbitration.

///

Even if this was a case where GILBERT was seeking actual damages in his complaint, (which he is not) Defendant has failed to satisfy its burden in establishing the value of those distinct services at issue. For instance, the purported evidence offered by Defendant as to business valuation concerning the claimed historical resale prices of franchises sold by other franchisees is irrelevant, as is the proffered Exhibit B showing purported sale's data. Gilbert objects to this proferred evidence.

Notably, it is the value of the services disrupted by Defendant that was the object of the relief sought, not the business. The temporary restraining order issued by the San Mateo Superior Court is replete with what services are to be restored by Defendant. (Motion, Gentile Declaration, Exhibit B.) As set forth in the attached Declaration of NORMAN GILBERT, the value of those services were considerably less than $75,000.00. If GILBERT had to replace them he could do so for much less that $75,000.00. However, GILBERT is precluded from doing so under his Franchise Agreement and if he were to take such an action it would have only given Defendant further reason to seek to terminate his Franchise Agreement. (See Declaration of Norman GILBERT, ¶11). This was a further reason as to why GILBERT sought to preserve the status quo pending arbitration.

Moreover, even if the data set forth by the Lane declaration was relevant (which it is not) it is also subject to objection as calling for speculation and lack of foundation. For instance, there is no showing that the other California franchises set forth in the declaration (which are not specifically identified) are similar to or have the same characteristics as GILBERT's franchise so that they are truly comparable. Likewise the accounts receivable report attached as Exhibit C to the Lane declaration purporting to provide monthly sale's data lacks foundation.

It bears emphasis that the "object of the litigation" and the focus of the action for injunctive relief in the Complaint was the services which were the subject of Defendant's interference, and the need for the preservation of the same pending binding arbitration. Since Defendant has failed to provide any evidence as to the **value of those services** to GILBERT, and merely attempts to offer a purported general value of GILBERT's business (which is not for sale), it has not met its burden under the authorities set forth above. Accordingly, remand is warranted.

## V. DEFENDANT'S OPPOSITION CITES NO CASE SUPPORTING JURISDICTION

No case cited by Defendant supports a Federal Court maintaining jurisdiction in a case such as this where a Plaintiff's complaint seeks only equitable relief and merely to preserve the status quo while the parties arbitrate their dispute pursuant to a written agreement. Each of the cases cited by Defendant involved complaints filed by a plaintiff seeking some form of monetary damages. And in no case was there an underlying obligation to arbitrate. In *Sanchez v. Monumental Life Insurance Company* 102 F.3d. 398 (9th Cir. 1996) Plaintiff sought contract damages and an affirmative injunction to disgorge insurance premiums. In *Valdez v. Allstate Insurance Company* 372 F.3d. 1115 ((9th Cir. 2004) Plaintiff sought monetary damages against an insurance company under the tort theory of breach of the covenant of good faith an fair dealing.

In *Korn v. Polo Ralph Loren Corp.*, 536 F. Supp 2d. 1199 (E.D. Cal. 2008) Plaintiff brought a class action seeking monetary damages based on individual violations of consumer law as to the individual class members. In *Gugliemino v. McKee Foods Corp.*, 506 F.3d. 696 (9th Cir. 2007) Plaintiff also sought monetary damages in a class action. Likewise in *Gaus v. Miles Inc.*, 980 F. 2d. 564, Plaintiff asserted a monetary damage claim. In *Ridder Bros. Inc.,v. Blethen* 142 F.2d. 395, (9th Cir. 1944) Plaintiffs sought specific performance and asserted in their complaint to support federal jurisdiction that the matter in controversy exceeded the minimum jurisdictional amount. In *Kroske v. US Bank Corp.* 432 F.3d. 976 (9th Cir. 2005) Plaintiff sought monetary damages alleging age discrimination against her employer. In short the authorities cited by Defendant in its opposition have facts that are clearly inapposite to those of the case at bar. In each of those cases the plaintiffs sought or alleged monetary damages in their pleadings. Such is not the case before this Court where Plaintiff GILBERT filed an action in the state court merely to obtain an injunction pursuant to a Franchise Agreement so as to preserve the status quo pending binding arbitration. In none of the above cases was there an underlying obligation to arbitrate, which would remove the determination of any damage issue from the court, or a jury.

///
///
///

## VI. DEFENDANT SHOULD BE REQUIRED TO PAY ATTORNEY'S FEES AND COSTS

Defendant's removal was improper under the circumstances of this case. The Complaint asserts no damage claim and was brought merely to obtain injunctive relief pending binding arbitration. The value of the services which are the subject of the injunction was less than $75,000.00. Defendant took liberties in its assertion of the allegations supporting removal. For instance, there was no statement or allegation in Plaintiff's Complaint that he is seeking $75,000.00 in damages. Defendant also engaged in unwarranted hyperbole by stating that the business is being "destroyed". Defendant ignored the intent of Congress in limiting diversity cases in federal court. The subject complaint was clearly a matter for the state court and the removal by Defendant, a corporation with significant assets, has caused further unwarranted expense to Plaintiff in having to file this motion and seeking to reset the hearing on the preliminary injunction. Had Defendant not removed this case, the hearing on the injunction would take place on July 11, 2008. Plaintiff has been forced to incur fees and costs associated with making this motion to remand. He has also had to file a motion with this Court to specifically set the injunction hearing. The Court should award Plaintiff the attorney's fees he has incurred in making this motion.

## VII. CONCLUSION

If GILBERT's motion to remand is denied, this Court will be hearing and ruling on the propriety of an injunction only, pending binding arbitration. It will not be determining the underlying dispute or determining any damages flowing therefrom. As stated by the U.S. Supreme Court in the seminal case of *St. Paul Mercury Indem. Co., v. Red Cab Co.*, U.S. 283, 288-290, 82 L. Ed. 845, 58 S. Ct. 586 (1938): The intent of Congress was to drastically restrict federal jurisdiction in controversies between citizens of different states and has been rigorously enforced by the courts. The sole purpose of the subject Complaint was to provide the Superior Court with the requisite jurisdiction so that the Superior Court could decide the propriety of the TRO and to issue a preliminary injunction, pending binding arbitration. The Court should

///

///

remand this action to the Superior Court of San Mateo County and award attorney's fees to Plaintiff pursuant to 28 U.S.C. §1447(c)).

DATED: July 9, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By /s/
DOUGLAS W. DAL CIELO
GREGORY M. GENTILE
Attorneys for Plaintiff
NORMAN GILBERT