DOUGLAS W. DAL CIELO (SBN 157109)
GREGORY M. GENTILE (SBN 142424)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA  95113
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501
ddalcielo@rmkb.com
ggentile@rmkb.com

Attorneys for Plaintiff
NORMAN GILBERT

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | |
|---|---|
| NORMAN GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>FASTSIGNS INTERNATIONAL INC. and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF NORMAN GILBERT IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO REMAND**<br><br>Date:    July 10, 2008<br>Time:    2:30 p.m.<br>Judge: Hon. Vaughan R. Walker |

I, NORMAN GILBERT, declare as follows:

1. I am a franchisee of Defendant FASTSIGNS INTERNATIONAL INC., the Defendant in this action. I am also the Plaintiff in this action and the President of Mid-Peninsula Marquee, Inc., a California corporation doing business as FASTSIGNS of Redwood City and make this declaration in support of my reply to Defendant FASTSIGNS INTERNATIONAL INC. opposition to motion to remand.

2. I have personal knowledge of the information set forth below and can competently testify thereto if called as a witness.

3. I have been a franchisee in good standing of FASTSIGNS International since November 12, 2001.

4. I operate a FASTSIGNS Sign & Graphics Center located at 2504 El Camino Real,

1  Redwood City, California pursuant to a written franchise agreement.

2      5.    I am precluded by my franchise agreement from providing my own electronic
3  services and must use Defendant's services in order to operate the business.

4      6.    I am presently involved in a dispute with Defendant in which Defendant attempted
5  to unilaterally terminate my franchise agreement by letter received May 27th, 2008.

6      7.    In response thereto, I have demanded through my counsel, in a timely manner,
7  binding arbitration as provided by my franchise agreement. Defendant has acknowledged this
8  demand for arbitration.

9      8    I have continued to operate the location as a FASTSIGNS center while the dispute
10 is being arbitrated and wish to continue to operate as a FASTSIGNS Center until the dispute is
11 resolved by binding arbitration or mutual satisfactory agreement of the parties.

12     9.    On or about 2:00 p.m. local time Monday, June 9, 2008, Defendant suddenly
13 turned off all our electronic services, denying me and my employees access to contact our
14 customers via e-mail and preventing customers and prospects from contacting us electronically or
15 finding our business on the Internet.

16     10.    On June 11, 2008, my counsel filed a civil complaint in San Mateo County
17 Superior Court seeking a temporary restraining order and an order to show cause re preliminary
18 injunction. The purpose of the complaint and the injunction request was to get these services
19 restored, maintained, and to preserve the status quo between Defendant and myself pending
20 binding arbitration. I am not seeking monetary damages in my complaint, but only equitable
21 relief.

22     11.    It was services disrupted by Defendant on June 9, 2008 that were the object of the
23 relief sought by way of my complaint and my request for injunctive relief. The loss of electronic
24 services limited my ability to operate the business. The temporary restraining order issued by the
25 San Mateo Superior Court set forth what services were to be restored. I estimate the value of
26 those services that were interfered with by Defendant for approximately 4 days to be considerably
27 less than $75,000.00. If I had to replace those services, I could do so for much less that
28 $75,000.00. However, I was and am precluded from doing so under the Franchise Agreement

RCI/5147839.1/GH2      - 2 -      Case No. 1-07-CV-083034

Declaration of Norman Gilbert in Support of Reply to Opposition to Motion to Remand

$75,000.00. However, I was and am precluded from doing so under the Franchise Agreement with Defendant and if I were to take such an action of replacing those services it would have onl given Defendant further reason to seek to terminate his Franchise Agreement.

12. The purpose of the TRO and the purpose behind the prospective preliminary injunction that I am seeking is to merely preserve the business relationship that I have with the Defendant pending binding arbitration of the dispute regarding the payment of royalties. The amount in controversy with respect to that pending dispute with Defendant is also far less than $75,000.00 and will be decided by an arbitrator pursuant to the Franchise Agreement.

13. My FASTSIGNS business is not presently for sale, has not been listed for sale an no such sale is presently contemplated by me. In my opinion, the value of the business is irrelevant to this Motion.

14. Lastly, the improper removal of this matter has forced me to incur substantial attorney's fees which would not have been incurred but for the improper removal. I would request that the Court order that defendant pay these fees.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness could competently testify thereto. Executed this 9th day of July, 2008, in Redwood City, California.

NORMAN GILBERT